UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CYNTHIA M. HERNDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15 CV 96 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CHILD SERVICES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Cynthia M. Herndon, a *pro se* plaintiff, has filed an amended complaint against the Indiana Department of Child Services ("DCS") (DE # 3) seeking relief under 42 U.S.C. § 1983 along with an amended Motion for Leave to Proceed *In Forma Pauperis* (DE # 4). Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint

on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* District courts may look to exhibits attached to the complaint in deciding whether a complaint states a claim. *Webster v. New Lenox Sch. Dist. No. 122,* 917 F.2d 1004, 1005 (7th Cir. 1990).

In her amended complaint, plaintiff alleges that DCS wrongfully filed a suit in Indiana state court in an attempt to terminate her parent-child relationship with her minor son. (DE # 3; DE # 3-1.) Plaintiff alleges that DCS is liable under 42 U.S.C. § 1983 because DCS initiated a lawsuit against plaintiff regarding her parent-child relationship with her minor son despite the fact that an appeal over the same issue was already pending. (DE # 3; DE # 3-1.) The only defendant plaintiff has named in her complaint is DCS. (DE # 3 at 1-2.)

Section 1983 "provides that a person may not be deprived of any constitutional right by an individual acting under color of state law." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). That section specifically states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

2

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 therefore "applies only to a 'person' who acts under color of state law." *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). In *Will v. Michigan Dept. of State Police*, the Supreme Court held that states and state agencies are not "persons" under Section 1983. 491 U.S. 58, 65-71 (1989); *see also Bradley v. Wisconsin Dept. of Children and Families*, 528 F. App'x 680, 681 (7th Cir. 2013) ("Because the Wisconsin Department of Children and Families is a state agency . . . [the plaintiff] cannot pursue a § 1983 suit against it."); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section 1983 . . . .")

DCS is an agency of the state of Indiana. *Indiana Department of Child Services: About DCS*, www.in.gov, http://www.in.gov/dcs/2370.htm (last visited April 22, 2015) ("The Department of Child Services was established in January 2005 by an executive order of Governor Mitch Daniels."). Therefore, plaintiff cannot maintain her Section 1983 suit against DCS, and she has failed to state a claim in her complaint.

For the foregoing reasons, plaintiff's complaint will be dismissed for failing to state a claim upon which relief can be granted unless plaintiff **SHOWS CAUSE** by May 27, 2015 why this action should not be dismissed. *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir.2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the

applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: April 27, 2015

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT