UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CYNTHIA M. HERNDON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15 CV 96 |
| | ) |
| INDIANA DEPARMENT OF CHILD | ) |
| SERVICES and DEBRA BANGHART, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Cynthia Herndon, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 against the Indiana Department of Child Services and Debra Banghart. (DE # 6.) She asserts that defendants wrongfully filed a suit in Indiana state court to terminate her relationship with her minor son. (*Id.* at 3.) Plaintiff also filed two motions requesting appointed counsel. (DE ## 8, 12.) Before the court ruled on these motions, plaintiff filed a "Motion to Reconsider" regarding her earlier requests for appointed counsel. (DE # 21.) Shortly thereafter, plaintiff filed an "Amended Motion to Reconsider." (DE # 25.) The amended motion contained as an exhibit, a letter from Indiana Legal Services declining representation but was otherwise identical to the first motion to reconsider. On October 6, 2015, Magistrate Judge John E. Martin issued an order denying without prejudice the first two motions for appointed counsel and the first motion to reconsider. (DE # 26.) The order did not address the amended motion to reconsider.

On October 22, 2015, plaintiff filed a motion seeking the substitution of the Magistrate Judge and, alternatively, a change of venue. (DE # 27.) The court denied the

motion in part as to the substitution of the Magistrate Judge and change of venue. (DE # 29.) However, the court construed the remainder of the motion as a Federal Rule of Civil Procedure 72(a) objection to the Magistrate Judge's order denying plaintiff's motions for appointment of counsel and a motion to reconsider. (*Id.*) The court set a briefing schedule for the parties to respond to the objection. (*Id.* at 2.)

Defendants timely filed their response on December 21, 2015. (DE # 31.) Plaintiff, apparently under the impression that defendants' response was not timely, filed a motion the next day seeking relief akin to a default judgment on the matter of appointed counsel. (DE # 32.) Plaintiff then, consistent with the original briefing schedule, filed a written reply which she titled as a "Motion for Court Appointed Counsel." (DE # 33.) Plaintiff's reply documents her ongoing, unsuccessful efforts to obtain legal counsel and includes a list of attorneys that she has attempted to retain. (*Id.* at 3.)

Section 636 of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern district court review of a magistrate judge's order on a nondispositive matter. *Domanus v. Lewicki,* 742 F.3d 290, 296 (7th Cir. 2014). According to Rule 72(a), the district judge "must consider timely objections and modify or set aside any part if the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The district judge reviews magistrate decisions for clear error. *Domanus,* 742 F.3d at 295. The clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has

2

been made." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 936, 943 (7th Cir. 1997). This is an extremely deferential standard and the district court will not disturb the magistrate judge's decision simply because it might have decided the issue differently. *Pinkston v. Madry*, 440 F. 3d 879, 888 (7th Cir. 2006). Using this standard the court now turns to the merits of plaintiff's objection to the Magistrate Judge Martin's order.

There is no constitutional or statutory right to counsel in a federal civil case. *Farmer v. Haas,* 990 F.2d 319, 323 (7th Cir. 1993). Nevertheless, pursuant to 28 U.S.C. 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). This decision is within the discretion of the district court and is shaped by two inquiries: (1) whether the indigent litigant has made a reasonable attempt to retain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it by herself. *Id.* at 654-55 (citing *Farmer*, 990 F.2d at 322); *Bracey v. Grondin,* 712 F.3d 10112, 1016 (7th Cir. 2013) ("to qualify [for appointment of counsel], the indigent litigant must make reasonable efforts at finding counsel himself. If the litigant comes up short, then the district court must decide whether given the difficulty of the case, the plaintiff is competent to try it himself") (internal quotation marks omitted). There are no fixed criteria for assessing a plaintiff's competence to litigate her own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level and litigation experience." *Pruitt*, 503 F.3d at 655.

The first inquiry is a threshold question which the court should ask before deciding a § 1915(e)(1) motion to appoint counsel. *Id.* In evaluating this first question, Magistrate Judge Martin noted that, "[w]hile [p]laintiff has demonstrated some attempt to secure counsel on her own without success, there is no indication that she has contacted any individual attorneys in an attempt to obtain representation nor that she is unable to do so." (DE # 26 at 2.) In the record before the Magistrate Judge, the evidence of plaintiff's search for representation was limited to two requests to legal services organizations. (DE # 12.) In the absence of documentation of a more exhaustive effort, the Magistrate Judge could rightly conclude that plaintiff had not satisfied the threshold question of *Pruitt*, and for this reason alone, could properly deny the plaintiff's motions.[1]

Plaintiff's motions also fall short under the second prong of *Pruitt*, and therefore, the Magistrate Judge's order is not clearly erroneous. In finding that plaintiff was capable of representing herself, Magistrate Judge Martin noted:

> [p]laintiff, who has some college education, has set forth a relatively simple claim of civil rights violation that does not involve a complex set of facts or intricate legal issues. She is familiar with the facts of the case, as they are

---

[1] In the time since the Magistrate Judge's order was filed, plaintiff has apparently made an earnest effort to find representation. In her reply, she lists a total of eleven attorneys and organizations that she has contacted for representation. (DE # 33 at 3.) While her recent effort is notable, it has no bearing on the court's analysis of her objection to the Magistrate Judge's order. At this stage, the district court can only consider the evidence that was before the Magistrate Judge as he made his ruling. To consider new evidence at this stage would "essentially be conducting impermissible *de novo* review of the order." *SmithKlein Beecham Corp. v. Apotex Corp.*, 2000 WL 1310669, *3 (N.D. Ill. Sept. 13, 2000).

within her own personal experience. She has so far articulated her claims in this case, and is litigating at least two other cases in this district on her own behalf.

(DE # 26 at 2-3.) The Magistrate Judge also concluded that there is nothing in the record to suggest that complex discovery or expert testimony would be required to resolve the matter. (*Id*. at 3.) The Magistrate Judge identified relevant factors and conducted a thorough assessment of both the complexity of the case and plaintiff's competency to litigate this case on her own behalf. Bearing in mind the clear error standard of review, there is nothing in the record to produce "a definite and firm conviction that a mistake has been committed." *Pinkston*, 440 F.3d at 888 (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

Accordingly, plaintiff's Rule 72(a) objection is **OVERRULED** and the remainder of her motion (DE # 27) is **DENIED**. Plaintiff's "Motion for Defendants Failure to Respond. . ." (DE # 32) is also **DENIED.** The court **STRIKES** plaintiff's Amended Motion to Reconsider (DE # 25) as duplicative of her first motion to reconsider.

                                              **SO ORDERED**.

Date: January 14, 2016

                                      s/ James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT