UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CYNTHIA M. HERNDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 96 |
|  | ) |  |
| INDIANA DEPARTMENT OF | ) |  |
| CHILD SERVICES, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendants Indiana Department of Child Services ("DCS") and Debra Banghart ("Banghart"). (DE # 22.) Plaintiff, Cynthia Herndon, acting *pro se,* filed an original complaint under 42 U.S.C. § 1983 (DE #1) and a motion for leave to proceed *in forma pauperis* (DE # 2). Shortly thereafter she filed her first amended complaint (DE # 3.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court screened the amended complaint and ordered plaintiff to show cause why the case should not be dismissed for failure to state a claim. (DE # 5.) Plaintiff responded with a second amended complaint (DE # 6), which is now the subject of defendants's motion to dismiss (DE # 22).

Plaintiff, for her part, has never directly responded to the motion to dismiss. *See Curtis v. Bembenek*, 48 F.3d 481, 287 (7th Cir. 1995) (plaintiff need not respond to motion to dismiss; instead, he may "rest on the assumed truthfulness and liberal construction afforded his complaint"). Instead she has produced a string of motions pertaining to her case. These include motions to substitute the non-presiding judge and change venue

(DE # 27), a motion to stay the state court proceedings (DE # 28), multiple motions for appointed counsel (DE ## 32, 33, 36), a motion to amend the complaint (DE # 37), and a motion to request visitation rights (DE # 39).

Additionally, the court's prior screening order (DE # 5) put plaintiff on notice of defects in her first amended complaint. Many of these defects have persisted in her second amended complaint and are now the basis upon which defendants have moved to dismiss. Suffice it to say that plaintiff has been given ample notice and opportunity to respond and defendants's motion to dismiss is ripe for adjudication. For the following reasons, the motion is granted.

I.      BACKGROUND

Plaintiff's second amended complaint, much like the ones that preceded it, is rich with conclusory allegations and scattershot legal citations. Throughout the densely-worded complaint, factual allegations are hard to come by. Nonetheless, across plaintiff's many filings, a skeletal outline of the facts presents itself. *See Swofford v Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) ("court[s] should consider allegations contained in the other court filings of a *pro se* plaintiff")

On December 17, 2013, plaintiff's son, MH was a student at McKinley Elementary School. (DE # 6 at 3.) On that day, school personnel allegedly placed a call to the Indiana Department of Child Services ("DCS") to report potential abuse or neglect. Pursuant to that call, MH was taken into state custody, (or "kidnapped" as plaintiff would have it (DE # 6 at 3)) and removed from plaintiff's custody. Eventually,

2

DCS through its employee, defendant Banghart, initiated proceedings to terminate plaintiff's parental rights ("TPR Proceedings"). (DE ## 6 at 3, 1-1 at 5.)

Plaintiff alleges that the TPR Proceedings are "frivolous" (DE # 6 at 3), and were initiated without proof of evidence (such as a police report), proper notice of hearing, "parental consent Under IC 34-13-3-3," or substantial evidence of abuse or neglect. (*Id.* at 8.) As such, plaintiff argues that she has "[d]emonstrated beyond a shadow of doubt [that] there is no evidence against plaintiff other than malicious prosecution." (*Id.*)

## II. LEGAL STANDARD

Plaintiff has filed her complaint *pro se.* "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). For this reason, the court will construe plaintiff's filings liberally in deciding the present motion.

Defendants have moved to dismiss plaintiff's claims pursuant to both Rules 12(b)(1) and 12(b)(6). For purposes of both motions, the court accepts all well-pleaded allegations contained in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012) (Rule 12(b)(1)); *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 879 (7th Cir. 2012) (Rule 12(b)(6)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.,* 332 F.3d 942, 946 (7th Cir. 2003) (en banc).

3

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint and not the merits of the case. *McReynolds*, 694 F.3s at 878. Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so

4

long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

### A. Claims Against DCS

Given plaintiff's *pro se* status, the court is obliged to give the complaint a generous reading. *Erikson*, 551 U.S. at 94. Although it is not entirely clear, plaintiff's most likely legal theory is that defendants violated her substantive due process rights to family association. *See Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002) ("Parents have a fundamental due process right to care for and raise their children.") (citing *Troxel v. Granville* 530 U.S. 57, 65-66 (2000)).

Plaintiff's due process claims would theoretically arise under 42 U.S.C. § 1983. *E. v. Lake Cty. Sheriff Dep't.,* No. 2:14 CV 058 PPS, 2015 WL 5286920, at *5 (N.D. Ind. Sept 9, 2015). In order to bring a claim under § 1983, plaintiff must establish that the party sued qualifies as a "person" acting under color of state law. *Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015). Because DCS is a branch of the State of Indiana, *See* Ind. Code § 31-25-1-1, it is not a person within the meaning of § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Because DCS is not a person, plaintiff's due process claims are barred. *Id.* For the same reason, to the extent that plaintiff raises § 1983 claims for

5

discrimination based upon race, disability or veteran status (*See* DE # 6 at 7, 9) those claims are likewise barred.

In addition to due process violations, plaintiff also appears to advance a theory of malicious prosecution. (DE # 6 at 8.) There are numerous problems with this theory, but chief among them is that the Eleventh Amendment's principle of sovereign immunity bars suits against states and their agencies. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996). A private plaintiff may not bring a federal suit against a state agency without the state's consent. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The State of Indiana has not consented, and therefore plaintiff's non-§ 1983 claims against DCS, if she brings any, are barred by sovereign immunity.

B.    **Claims Against Banghart**

To the extent that plaintiff brings any of her claims against Banghart in her official capacity, they are barred for the exact same reasons as discussed with regards to DCS. Officials sued in their official capacity are not persons under § 1983. *Will*, 491 U.S. at 71. Furthermore, a judgment against a public official in her official capacity imposes liability on the entity she represents, and therefore the Eleventh Amendment also applies. *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) (citing *Brandon v. Holt*, 469 U.S. 464 (1985)). Thus any claims against Banghart in her official capacity are barred as well.

Under a more likely reading of the complaint, plaintiff's claims against Banghart are for actions taken in her individual capacity. Though not barred by the Eleventh

Amendment, plaintiff's claims would face a steep climb to overcome Banghart's defense of qualified immunity. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1023 (7th Cir. 2000) ("social workers and other state actors who cause a child's removal are entitled to qualified immunity because the alleged constitutional violation will rarely-if ever-be clearly established").

However, plaintiff's claims against Banghart suffer a more basic problem, which is that they fail to state a claim at all. Aside from various conclusory allegations,[1] plaintiff has not identified what actions Banghart took that caused plaintiff's alleged injuries. The allegations are entirely too vague and conclusory for the court to even begin to reach the merits of Banghart's qualified immunity defense. At this stage, the court accepts all well-pleaded facts as true, but it is not obliged to credit plaintiff's legal conclusions or unsupported conclusions of fact. *Hickey v. O'Bannon,* 287 F.3d 656, 657 (7th Cir. 2002). The complaint is devoid of facts about the subject-matter of the case and as such, fails to "present a story that holds together." *Swanson*, 614 F.3d at 404. Because plaintiff has failed to make out a claim that is plausible on its face, *Iqbal*, 556 U.S. at 678, her claims against Banghart in her individual capacity fail as well.

## IV.    CONCLUSION

For the foregoing reasons, defendants's motion to dismiss (DE # 22) is

---

[1] *See, e.g.*, DE # 6 at 3 ("MS Banghart intentionally filed frivolous petition Involuntary [sic] parental termination to deprive plaintiff [sic] statutory rights. . ."); *Id.* at 4 ("DCS and staff managed by MS Banghart have intentionally injured and intimidated plaintiff on grounds of disability . . .")

7

**GRANTED**. All other pending motions are **DENIED AS MOOT**. The clerk is **DIRECTED TO ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendants Indiana Department of Child Services and Debra Banghart, and against Cynthia Herndon who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: July 14, 2016

      s/James T. Moody
      JUDGE JAMES T. MOODY
      UNITED STATES DISTRICT COURT